UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 3:16CR12(SRU) |
| v. : | |
| : | |
| CUONG HUY KING : | October 24, 2016 |

## Restitution Order

Pursuant to 18 U.S.C. § 3663A, it is hereby ordered that the defendant, Cuong Huy King, shall pay restitution in the total amount of $2,390,496.59.  To the extent that restitution orders are issued against Mr. King's co-defendants in the above-captioned case, restitution is to be joint and several in the full amount among all of those co-defendants—Aria Maleki, Mehdi Moarefian, Daniel Shiau, Serj Geutssoyan, Michelle Lefaoseu, and Kowit Yuktanon.

Restitution shall be paid on a pro rata basis to the victims identified in the list filed under seal as Exhibit A.  The total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1).  Any unpaid amount remaining upon the defendant's release from prison shall be paid in installments of not less than $500 per month, payable on the first day of each month.  All interest is waived pursuant to 18 U.S.C. § 3612(f)(3)(A).

The defendant shall make payment to the Clerk of Court. Payment may be made in the form of cash, check or money order. All payments by check or money order shall be made payable to the "Clerk, United States District Court," and each check shall be delivered to the United States District Court, Attention: Clerk's

Office, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604, as required by 18 U.S.C. § 3611. The defendant shall write the docket number of this case on each check delivered to the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed.

The Clerk shall distribute restitution payments to the victims identified in this order in accordance with the District's Standing Order on the Disbursement of Restitution Payments by the Clerk of Court.

The defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any change in address.

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its Inmate Financial Responsibility Program ("IFRP"), 28 U.S.C. § 545.10 et seq., up to the maximum amount permitted under the IFRP guidelines.

Furthermore, nothing in this order shall prevent the victims or the United States from pursuing immediate collection through civil remedies allowed by law in accordance with 18 U.S.C. § 3664(m).

The defendant shall apply to any restitution still owed the value of any substantial resources from any source the defendant receives during the period of incarceration, including inheritance, settlement or other judgment in accordance with 18 U.S.C. § 3664(n).

The liability to pay restitution shall terminate the later of 20 years from the entry of judgment or 20 years after the defendant's release from prison, or upon the death of the defendant.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of October 2016.

        /s/ Stefan R. Underhill_____
       STEFAN R. UNDERHILL
       UNITES STATES DISTRICT JUDGE